593 F.2d 933
 In the Matter of GULFCO INVESTMENT CORPORATION, and its
wholly owned subsidiary, Family Loan, Inc. of Springfield,
Missouri; Gulf South Corporation, Intertek Financial
Corporation and Aristocrat Motor Hotel of Hot Springs, Inc.,
and Horseshoe Development Corporation, Country Heritage,
Inc., Health & Happiness, Inc., Horseshoe Builders, Inc.,
Horseshoe Insurance Company, Horseshoe Lands Company, Inc.,
Indian Hills Land Company, Inc., Mountain Water Corp.,
Scenic Realty Company, White River Development Corp., Union
Investment Company, Mountain Shadows, Ltd., Pickett &
Nichols Insurance, Inc., Planned Credit, Inc., Gulf South
Land Corporation, Gulf South Advisors, Ltd., Investors
Services, Inc., Delta Mortgage Corporation, wholly owned
subsidiaries, Delco
Agency, Inc., River Road Co., Miramar Corporation, Debtors.
Samuel KAY and Rose Kay, on behalf of themselves
and others similarly situated,
Plaintiffs- Appellants,
v.
Dan HOGAN and Gary M. Gray, Trustees, Defendants-Appellees.
 No. 77-1084.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Nov. 15, 1978.
Decided Feb. 7, 1979.
Rehearing Denied April 10, 1979.
 
 James M. Little of Conner, Little & Conner, Oklahoma City, Okl., for plaintiffs-appellants.
 James P. Linn of Linn, Helms, Kirk & Burkett, Oklahoma City, Okl., for defendant-appellee Dan Hogan, trustee.
 Before HOLLOWAY and DOYLE, Circuit Judges, and STANLEY,* Senior District Judge.
 WILLIAM E. DOYLE, Circuit Judge.
 
 
 1
 The question which we must resolve in the above case is whether the trial court in this proceeding under Chapter X of the Bankruptcy Act justifiably denied the request of Samuel and Rose Kay on behalf of themselves and others to file a creditor's claim after the date set by the Chapter X judge as a deadline for filing. We conclude that the trial court's denial of the claim was a proper exercise of discretion.
 
 
 2
 The Chapter X proceedings commenced in March 1974, when Gulf South Corporation and its subsidiaries filed voluntary petitions under Chapter X of the Bankruptcy Act seeking reorganization. The court order with respect to the filing of claims provided that claims were to be barred if they were not filed against the debtor corporation on or before May 31, 1974. Notice of the order was mailed to known creditors and was published in several newspapers including the southwest edition of the Wall Street Journal. Actual notice was not given to the Kays or to any members of the group they claim to represent. As a matter of fact, this group of people was not scheduled as creditors.
 
 
 3
 The appellants, the Kays and their group, did not commence proceedings by seeking permission to file the claim late. Instead they filed a plenary action in the United States District Court for the Southern District of New York on or about February 10, 1975. This suit was filed about a year after the reorganization proceedings commenced. In the complaint it was alleged that the Gulf South Corporation, its subsidiary, Gulf South Advisors, Ltd., and other defendants violated the provisions of § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 issued pursuant thereto. The suit was the result of Gulf South Advisors, Ltd.'s role as the advisor for a publicly-held real estate investment trust, which was Gulf South Mortgage Investors (GSMI). That action sought in excess of 12 million dollars for damages to the owners of GSMI. This latter corporation was not in bankruptcy proceedings.
 
 
 4
 Inasmuch as the Chapter X judge had issued an injunction against all persons directing that they were not to institute litigation against the debtor corporations, the lawsuit was stayed. The merits of the 10b-5 action are not before us nor is it known (at least at the time of the filing of this appeal) whether suit could be maintained as a class action.
 
 
 5
 On April 10, 1975, the trustee in the Chapter X proceeding, through his attorney, communicated with the Kays suggesting that application for permission to file a late claim ought to be made to the reorganization court. Because of this the Kays and their group knew that there was a reorganization proceeding and that a claim or claims had to be filed on their behalf. Notwithstanding that they knew this, they did not file such a claim until more than one year after they heard from the trustee's attorney and two years after the dates specified by the Chapter X court as the last date for filing claims against these corporations. Neither excuse nor justification for the delay in filing has been offered. The sole justification is that they did not receive a formal notice. The trustee objected to the claim, and the reorganization court denied permission to file a late claim on November 8, 1976. It is this order of the court which has been appealed and which is before us now.
 
 
 6
 The statute, 11 U.S.C. § 596, authorizes the district court (the Chapter X court) to fix a time within which creditors are to file proofs of claim. Another section permits the court to extend the time for filing where reasons are shown that warrant the extension. 11 U.S.C. § 519.
 
 
 7
 The Supreme Court has allowed the late filing of claims as a matter of equity. The principle stated in Meyer v. Fleming, 327 U.S. 161, 169 n.18, 66 S.Ct. 382, 90 L.Ed. 595 (1946), permits the filing of claims out of time provided the claim is equitable and provided the claimant is not chargeable with laches and the assets have not been distributed; and provided, further, that the late filing does not unduly delay the proceedings.
 
 
 8
 The district court ruled that the appellants failed to show any good reason for the delay in filing their claim. The court said that the reorganization plan was to be filed in the near future and ruled that the proposed lawsuit would substantially delay the development and adoption of the reorganization plan.
 
 
 9
 Appellants argue that the trustee should have notified all of the owners of all of the affiliated entities, including the entities like GSMI which were not in the reorganization proceedings. Appellants say that notice should have been sent to the GSMI owners at the outset even though the trustee had no knowledge that the GSMI owners had any claims against the debtor corporation. The lawsuit had not been filed when the reorganization proceedings commenced to warn the trustee of any claim by GSMI.
 
 
 10
 Reasonable notice is required to the identified creditors. 6 Collier on Bankruptcy P 9.03 (14th ed.). The trustee need not, however, notify all owners of all the affiliated entities when the existence of their claims is unknown. Notice by publication is adequate for creditors whose existence is not known to the trustee, for at some time the trustee must be able to ascertain that all of the requisite notices which are possible have been sent and that the liabilities are known so as to be able to formulate a reorganization plan.
 
 
 11
 The Kays and their group also argue that they had a right to receive actual notice once their lawsuit was filed. Thus they maintain that their time should not have started to run until after this. It is an attempt to avoid explaining delay in the late filing of the claim. They, however, knew that certain of the defendants were involved in reorganization proceedings once the suit was stayed. They have not said and cannot say that they were misled by the trustee, whereby they believed that they could delay until formal notice was received. The law does not require any such notice and there is no basis for their having such expectations. Indeed the trustee's attorney wrote the appellants' attorney suggesting how the appellants should proceed to file a late claim if they wanted to pursue their claim. Notwithstanding this, appellants waited for one more year before taking even this action. So, the appellants have not attempted to explain the delay in seeking to have the stay lifted, whereby the suit could proceed to a determination on the merits.
 
 
 12
 The cases cited in the brief are distinguishable. For example, in some cases the trustee failed to provide actual notice when the trustee had actual notice of the creditor's unsatisfied meritorious claims.[1]
 
 
 13
 Our conclusion is that the district court did not abuse its discretion in refusing to allow the claim based on the lawsuit to be filed late, and therefore the order should be affirmed. The notice requirement arguments do not provide sufficient reason, under these circumstances, to warrant the extension of almost two years sought by the appellants, and no other reasons have been offered by appellants explaining why they should be granted an extension to file a claim based on their lawsuit.
 
 
 14
 Assets have not been distributed and a reorganization plan has not yet been formulated. However, allowing this claim to proceed at this late date could be inequitable to the other participants because it would delay the Chapter X proceedings. The trial and determination of the merits of a Rule 10b-5 suit which is not yet started would undoubtedly delay the Chapter X proceedings. The appellants are in a poor position to obtain delay for persons who have already delayed pursuing the merits of the suit.
 
 
 15
 The judgment of the district court is affirmed.
 
 
 
 *
 Of the District of Kansas, sitting by designation
 
 
 [1]
 New York v. New York, N.H. & H. R.R., 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953); In re Intaco Puerto Rico, Inc., 494 F.2d 94 (1st Cir. 1974); In re Harbor Tank Storage Co., 385 F.2d 111 (3d Cir. 1967)